Charles W. Coe
LAW OFFICE OF CHARLES W. COE
805 W 3rd Avenue, Suite #100
Anchorage, Alaska 99501
Ph: (907) 276-6173
Fax: (907) 279-1884
charlielaw@gci.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK VINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case 3:08-cv-_____ (____) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | **COMPLAINT** |
| _____ ) | |

COMES NOW, the plaintiff, JACK VINSON, by and through his attorney, CHARLES W. COE, to state and allege the following as his cause of action for his complaint.

I

This court has jurisdiction over this cause of action pursuant to 28 U.S.C. 1346(b) and 28 U.S.C. 2671, et seq., (the Federal Tort Claims Act) as hereinafter more fully appears.

II

Venue is proper in the United States District Court for the District of Alaska pursuant to 28 U.S.C. 1402(b). The plaintiff was a resident within the District of Alaska when this incident occurred and when the act or omission complained of occurred within the District of Alaska.

III

A Federal Tort Claim was filed with the United States Air Force on July 2, 2007. This claim has not been administratively resolved within six months and suit is permitted under 28 U.S.C. 2675.

IV

The United States of America is a defendant in this matter in that the United States owns, and operates the joint service commissary at Elmendorf AFB/Ft. Richardson. The commissary is operated by the Department of Defense which is a department of the United States government and is vicariously liable for the acts/omissions of their employees, representatives, contractors, and agents under the theories of respondeat superior, agency, negligence, joint enterprise, negligent entrustment, and negligent supervision. The term defendant in this complaint means United States and/or U.S. Department of Defense Commissary acting through their employees, representatives, contractors and/or agents.

V

All events relevant to the cause of action of this complaint occurred in the state of Alaska.

VI

On or about July 13, 2005, plaintiff was walking in a check out line at the commissary, when he slipped and fell on unmarked liquid left on the floor leading to the check out register.

VII

As a result of defendant's actions plaintiff suffered the injuries set forth in paragraph XIV of this complaint.

First Cause of Action

VIII

Plaintiff realleges and incorporates the facts and allegations of paragraph I through VII into this First Cause of Action.

IX

Defendants owed a duty to users of the commissary to keep its floors clear of liquids, as well as to inspect, maintain, repair, and monitor its property. Defendant breached this duty in failing to maintain, monitor, inspect, clean, and warn users of the property, in failing to mark the area where the liquid was spilled, and in failing to put warning signs near the spill. As a result of this breach of duty defendant was negligent.

X

As a direct and proximate result of defendant's negligence plaintiff incurred damages set forth in paragraph XIV of this complaint.

## Second Cause of Action

### XI

Plaintiff realleges and incorporates the facts and allegations of paragraph I through X into this Second Cause of Action.

### XII

Defendant was negligent per se in that their actions violated the government regulations in failing to clean up the liquid on the floor, mark the liquid, or warn customers of the liquid.

### XIII

As a direct and proximate result of defendant's negligence, per se, plaintiff incurred the injuries set forth in paragraph XIV of this complaint.

### XIV

As a direct and proximate result of defendant's acts, plaintiff incurred the following damages:

1. Injuries to his foot, ankle, knee, back, and elbow;
2. Medical and medication expenses in the past, present, and future;
3. Physical and emotional pain and suffering in the past, present, and future;
4. Permanent impairment, discomfort, and the loss of enjoyment of life; and
5. Other damages to be proven at trial.

WHEREFORE, plaintiff prays for a judgment against the defendant as follows:

1. Compensatory damages in a sum to be proven at trial within the amount originally claimed in the administrative claims process;

2. Costs and attorney fees as allowed under the Federal Tort Claims Act; and

3. For such other relief as this court deems just and equitable.

DATED this 15th day of January, 2008.

>By: s/Charles W. Coe
>Attorney for Plaintiff
>805 W 3rd Avenue, Suite #100
>Anchorage, Alaska 99501
>Phone: (907) 276-6173
>charlielaw@gci.net
>ABA#7804002